NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1042
_____

DIEGO SICA-LOPEZ; S. B. S-P,

                                                    Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A201-930-950 & A201-930-949)
Immigration Judge: Honorable David Cheng
_____

Submitted under Third Circuit L.A.R. 34.1 (a)
September 28, 2023

Before: KRAUSE, AMBRO, and SMITH, *Circuit Judges*

(Filed: September 29, 2023)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SMITH, *Circuit Judge*.

Diego Sica-Lopez and his son, S.B. S-P-,[1] are natives and citizens of Guatemala who entered the United States in February 2019. They conceded the charge of removability, but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Sica-Lopez claimed mistreatment amounting to persecution and torture based on his membership in a particular social group that had opposed a local mayor's decision to allow a water company to divert river flow away from Sica-Lopez's village. The company's action caused a loss of water to Sica-Lopez's home and crops.

During a hearing before the Immigration Judge (IJ), the IJ actively engaged in the questioning of Sica-Lopez. The IJ found that Sica-Lopez was not credible and denied the applications of both Sica-Lopez and his son for immigration relief.[2] Sica-Lopez appealed to the Board of Immigration Appeals (BIA), asserting that he had been deprived of his right to due process because the IJ repeatedly took over questioning him during the hearing. Sica-Lopez also asserted that the adverse credibility finding was not supported by substantial evidence, and that his claims for asylum, withholding and CAT relief

---

[1] S.B. S-P- accompanied his father to the United States as a minor. At the hearing before the immigration judge, S.B. S-P- confirmed that he had obtained the age of majority. His application, however, derives from that of his father's application.
[2] The IJ concluded that Sica-Lopez's asylum claim was time-barred but nevertheless addressed the merits of his asylum claim.

2

should have been granted.  The BIA affirmed the IJ's decision and dismissed his appeal.

This timely petition for review followed.[3]  We will deny that petition.

## I.

At the outset of the hearing, the IJ asked Sica-Lopez and his son if counsel had reviewed their applications with them and whether the applications were complete and correct.  Although the IJ allowed both of them to make any necessary changes before the hearing began, both Sica-Lopez and his son saw no need to do so.

After hearing Sica-Lopez's testimony, the IJ found that Sica-Lopez's application differed in several "substantial" respects from his testimony.  A.R. 161.  The disparities related to, *inter alia*:  the timing of various encounters with the mayor and his supporters; the description of what transpired during each incident; the extent of the physical contact to which Sica-Lopez was subjected; and the nature of threats that had been directed at him.

Although the IJ questioned Sica-Lopez multiple times during the hearing, often attempting to clarify his testimony, the IJ permitted Sica-Lopez's counsel to resume questioning each time.  After Sica-Lopez testified that "the water is still running" in his community, his counsel chose to rest his case.  A.R. 239.  The Government then cross-examined Sica-Lopez, clarifying that he had been hit only one time on the hand during

---

[3] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and § 1240.15.  We have jurisdiction under 8 U.S.C. § 1252(a).  Because the BIA approved the findings of the IJ and discussed the IJ's reasoning, we  review both the IJ's and BIA's decisions. *Abulashvili v. Att'y Gen.*, 663 F.3d 197, 202 (3d Cir. 2011).  We apply de novo review to a constitutional due process claim. *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 482 (3d Cir. 2022).  Factual findings are reviewed for substantial evidence. *Id.*

the encounters with the mayor and his supporters. And Sica-Lopez conceded that his wife and children, who had remained in Guatemala, had not been threatened or harmed.

Sica-Lopez contends that the IJ's questioning deprived him of his right to due process, as we concluded was the case in *Abulashvili v. Attorney General*. 663 F.3d at 207. We are not persuaded. Unlike what occurred in *Abulashvili*, the IJ's questioning did not result in a failure by the IJ to consider the entire record. *Id.* at 208. Nor did the IJ ignore crucial aspects of Sica-Lopez's testimony. *Id.* Rather, many of the IJ's questions sought to clarify what had actually happened to Sica-Lopez, *i.e.*, what was at the heart of his claim. While Sica-Lopez asserts that he was denied the opportunity to fully present his case, he has not explained how the presentation of his case was cut short or what facts he would have developed had it not been for the IJ's own questioning. Sica-Lopez's counsel questioned him initially on direct-examination and resumed her questioning after each of the IJ's efforts to clarify matters. She also advised the IJ when she had no further questions. In the absence of a showing of some prejudice to the presentation of Sica-Lopez's case, we reject his due process claim. *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017).

II.

Sica-Lopez also challenges the IJ's adverse credibility finding, which the BIA concluded was not clearly erroneous.[4] Given the disparity between Sica-Lopez's

---

[4] Credibility determinations are factual findings which we review for substantial evidence, *Zheng v. Ashcroft*, 417 F.3d 379, 381 (3d Cir. 2005), "meaning that the agency's determination is conclusive unless the record compels a contrary determination." *Sunuwar v. Att'y Gen.*, 989 F.3d 239, 250 (3d Cir. 2021).

4

testimony and his application and statement about what had transpired at the confrontations over the water projects—as well as when they occurred— and mindful of the IJ's finding that Sica-Lopez's testimony during the hearing was evasive, we conclude that there is substantial evidence to support the adverse credibility finding.

## III.

Finally, we turn to the merits of Sica-Lopez's claims. He does not now challenge the denial of his asylum application, pressing only his claims for withholding of removal and CAT relief. Nonetheless, we consider the denial of asylum because "an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal." *Ghebrehiwot v. Att'y Gen.*, 467 F.3d 344, 351 (3d Cir. 2006).

Even if Sica-Lopez had been a credible witness on his own behalf, we agree with the agency that Sica-Lopez failed to establish either past persecution or a well-founded fear of persecution necessary for asylum. Persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. I.N.S.*, 12 F.3d 1233, 1243 (3d Cir. 1993). Neither the encounters nor the threats that Sica-Lopez testified about rise to the level of persecution. Without such a showing, we agree with the agency that the evidence does not establish a basis for him to fear persecution if he were returned to Guatemala. Accordingly, we conclude that the agency did not err in rejecting Sica-Lopez's claim for withholding of removal.

Sica-Lopez's CAT claim also lacks sufficient merit. He did not meet his burden of proving that "it is more likely than not that he . . . would be tortured if removed" to Guatemala. 8 C.F.R. § 1208.16(c)(2).

5

For the above reasons, we will deny both Sica-Lopez's and S.B. S-P-'s petition for review.